NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIEL CURIEL-SANTANA, AKA Gabriel Curiel, AKA Alfredo Santana-Cortez, AKA Manuel Santana-Cortez, | No. 18-72364 |
| Petitioner, | Agency No. A077-189-929 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 16, 2025**
San Francisco, California

Before: GOULD, BENNETT, and SUNG, Circuit Judges.

Petitioner Gabriel Curiel-Santana, a native and citizen of Mexico, petitions

for review of an order of the Board of Immigration Appeals ("BIA") upholding an

immigration judge's denial of his application for withholding of removal and relief

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review for substantial evidence denials of withholding of removal and CAT relief. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). "In order to reverse the BIA, we must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." *Id.* (alteration in original) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).

The BIA properly determined that Petitioner failed to establish a clear probability of future persecution based on his proposed particular social group of persons with "imputed 'American' nationality." *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that "imputed wealthy Americans" is not a cognizable particular social group). Thus, Petitioner's withholding of removal claim turns on the BIA's conclusion that Petitioner failed to establish a clear probability of future persecution on account of being a member of his wife's family. *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (explaining that the clear probability standard requires a petitioner to show that he is more likely than not to "be subject to persecution on account of one of the protected grounds").

Petitioner first entered the United States in 1993 to seek a better life, and he has remained in the United States since 1997. Petitioner was never personally

2

threatened or harmed in Mexico. In 2012, a man named "Jesus" shot and killed Petitioner's father-in-law, "Rene," and severely injured Petitioner's brother-in-law. Jesus targeted Rene because he was helping Jesus's wife escape from Jesus's abuse. Based on this incident, Petitioner believes that Jesus seeks revenge against all of his wife's family members, including Petitioner. But as the BIA pointed out, Petitioner's wife's family continues to live in the same area of Mexico that they lived in 2012, and they have not been threatened or harmed since Rene was killed. The record therefore does not compel the conclusion that Petitioner will face a clear probability of future persecution. *See Tamang*, 598 F.3d at 1094.

Substantial evidence also supports the BIA's denial of CAT relief. Because Petitioner failed to show that his evidence established a clear probability of future persecution, it follows that Petitioner cannot demonstrate a clear probability of torture based on the same evidence. *See id.* at 1095; *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution . . . ."). Further, Petitioner's remaining evidence—testimony that one family member had been kidnapped and held for over a month by unidentified persons (who apparently had no interest in Petitioner) and general country conditions evidence—fails to compel the conclusion that Petitioner would be singled out for torture in Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

3

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.  Dkt. Nos. 4–5.